UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE LOZA, et al., | Case No. 24-cv-07861-AMO |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| HOBBY LOBBY STORES, INC., | |
| Defendant. | Re: Dkt. No. 46 |

This is a putative false advertising class action.  Defendant Hobby Lobby Stores, Inc.'s motion to dismiss was heard before the Court on March 12, 2026.  Having read the parties' papers and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court **GRANTS** in part and **DENIES** in part the motion for the following reasons.

## I.      BACKGROUND[1]

Plaintiffs Nicole Loza, Lorraine Romero, Kymorea Johnson, Liliana Barba-Cruz, and Lynette Herrera-Badilla each purchased products at Hobby Lobby.  Dkt. No. 44, Second Amended Complaint ("SAC").

Plaintiff Loza purchased jewelry making items, frames, and a shirt from the San Mateo Hobby Lobby on various days throughout 2023 and 2024.  *Id.* ¶¶ 132-33.  For each purchase, Loza saw advertising for 50% off the purchased item on Hobby Lobby's website a few days before visiting, on a flyer posted on the wall near the door, and on signage by the purchased item.  *Id.*

---

[1] These facts are drawn from the allegations in Plaintiffs' complaint, which the Court accepts as true and construes in the light most favorable to Plaintiffs.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

Plaintiff Romero visited the Concord Hobby Lobby in February 2024 and purchased t-shirts. *Id.* ¶¶ 137-38. While visiting, she "reviewed Hobby Lobby's printed circular in which t-shirts were advertised as being on sale and, additionally, Hobby Lobby's standard signage in the store indicated the same sale on t-shirts: 30% off the marked price." *Id.* ¶ 137. Romero also purchased photo frames that were advertised as 50% off. *Id.* ¶¶ 140-142.

Plaintiff Johnson purchased wearable art, paper crafts, and jewelry making items on September 21, 2023, and in or around July 2024 at the San Mateo and Hayward Hobby Lobby locations.[2] *Id.* ¶¶ 143-49. The items Johnson purchased were near signs that advertised the items discounted at 50% off the regular price. *Id.* ¶ 148. Johnson also viewed "the Weekly Ad flyer that was available online and instore. The Weekly Ad indicated that jewelry making supplies were 50% off and paper crafts were 40% off[.]" *Id.*

Plaintiff Barba-Cruz purchased jewelry making items, paper crafts, and sweatshirts from the Modesto and Tracy Hobby Lobby stores on or around August 10, 2024, September 21, 2024, October 26, 2024, and December 24, 2024. *Id.* ¶ 150. The items she purchased were placed near signs that advertised the items as discounted from a regular price. *Id.* ¶¶ 151-57. Barba-Cruz also viewed "the Weekly Ad flyer that was available online and in-store. The Weekly Ad indicated jewelry making supplies were 50% off and paper crafts were 40% off." *Id.* ¶ 158.

Plaintiff Herrera-Badilla purchased a clock, art, frames, craft items, holiday décor, and other goods on May 25, 2024, and in the fall and winter of 2023. *Id.* ¶¶ 160-61. The items she purchased "were near signs prominently placed that advertised the items discounted at 30%, 40%, or 50% off the marked price. The home decor items were marked '50% Off.' " *Id.* ¶ 163. Herrera-Badilla also viewed "the Weekly Ad flyer that was available online and in-store. The Weekly Ad indicated that home decor was '50% Off' and that Christmas party and tableware was '50% Off[.]' " *Id.* ¶ 165.

Hobby Lobby advertised discounts that: "(1) never end; or (2) are so habitual as to render

_____

[2] Information on Plaintiff Johnson's online purchases is not included in this order because her claims stemming from website purchases were compelled to arbitration through a separate order issued today. *See* Dkt. No. 71.

2

United States District Court
Northern District of California

Hobby Lobby's proffered/supposed baseline price meaningless." Dkt. No. 44, Second Amended Complaint ("SAC") ¶ 1. Plaintiffs' claims are based on two sets of products: (1) the "Always Discounted Products" and (2) the "Habitually Discounted Products." *See id.* The Always Discounted Products are products which Hobby Lobby routinely advertises as discounted or on sale. *Id.* ¶ 58. Below are examples of advertising for Always Discounted Products.

 

*Id.* ¶¶ 104, 118.

"The Habitually Discounted Products are habitually sold at a 'discount,' despite Hobby Lobby's advertising stating such sales are limited to 7 days." *Id.* ¶ 64. These products are "on sale so often that the 'sale' price is, in actuality and effect, the prevailing market price for the items." *Id.* ¶ 66. Below is an example of an advertisement which may be placed above a Habitually Discounted Product.

*Id.* ¶ 104.

Each Plaintiff viewed advertising for Always Discounted or Habitually Discounted Products in store or online. *Id.* ¶¶ 132-33, 137, 141-42, 144-45, 147-48, 151-58, 161-63, 165. Some of Hobby Lobby's advertising included an asterisk which provided: "[d]iscounts provided every day; marked prices reflect general U.S. market value for similar products." *Id.* ¶¶ 147, 157, 158, 163, 166.

On March 14, 2025, Plaintiffs filed a consolidated amended class action complaint. Dkt. No. 26. Hobby Lobby filed a motion to dismiss, Dkt. No. 35, and instead of opposing the motion to dismiss, Plaintiffs filed a second amended consolidated complaint on July 21, 2025. Dkt. No. 44. The second amended complaint brings six claims against Hobby Lobby: (1) violation of California's False Advertising Law ("FAL"), (2) violation of California's Unfair Competition Law ("UCL"), (3) violation of California's Consumer Legal Remedies Act ("CLRA"), (4) fraud, (5) negligent misrepresentation, and (6) unjust enrichment. *Id.* On September 19, 2025, Hobby Lobby filed a motion to dismiss. Dkt. No. 46. On November 3, 2025, Plaintiffs filed an opposition, Dkt. No. 50, and Hobby Lobby's reply followed on December 3, 2025, Dkt. No. 51.

## II.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, "plaintiffs' allegations must suggest that their claim has at least a plausible chance of success." *Levitt v. Yelp! Inc.*, 765 F.3d

1123, 1134-35 (9th Cir. 2014) (cleaned up).  The district court must assume that plaintiff's allegations are true and draw all reasonable inferences in their favor.  *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1220 (9th Cir. 2022).  However, the court need not construe conclusory statements as true.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Further, because Plaintiffs' claims sound in fraud, their complaint must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842, 852 (9th Cir. 2024).  To comply with this standard, "the complaint must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.' "  *Id.* (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).  However, "Rule 9(b) 'only requires that plaintiffs specifically plead those facts surrounding alleged acts of fraud to which they can reasonably be expected to have access.' "  *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567–68 (9th Cir. 2017) (citation omitted).  As such, courts may "relax pleading requirements" in cases alleging fraud "where the relevant facts are known only to the defendant."  *Id.*

### III.   DISCUSSION

Hobby Lobby raises multiple arguments in its motion to dismiss: (1) Plaintiffs fail to adequately allege that Hobby Lobby's advertising was misleading, (2) Plaintiffs have not met the heightened pleading standard dictated by Federal Rule of Civil Procedure 9(b), (3) Plaintiffs' section 17501 claim fails because Hobby Lobby's advertising does not point to "former prices," and (4) Plaintiffs' unjust enrichment claim fails because unjust enrichment is not a standalone cause of action in California.  The Court addresses each argument in turn.

#### A.  Misleading Advertising

Hobby Lobby argues that Plaintiffs' UCL, FAL, and CLRA claims fail because Plaintiffs fail to adequately allege that Hobby Lobby's advertising was misleading.  To state a deception-based claim under the UCL, CLRA, or FAL, a plaintiff must plausibly "demonstrate that a 'reasonable consumer' is likely to be misled by the representation."  *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021).  The reasonable consumer test requires more than a mere

United States District Court
Northern District of California

possibility that the advertisement could "conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). Rather, Plaintiffs must demonstrate a "probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (quotations omitted).

Here, Hobby Lobby contends that its advertising is not deceptive for two reasons: (1) the advertising explicitly states that the products are "always" on sale and (2) the advertising includes an asterisk which points Plaintiffs to language stating that discounts are provided every day and that the "marked price" reflects the general U.S. market value for similar products, not a former or regular price. Dkt. No. 46 at 15. But Hobby Lobby's arguments misapprehend Plaintiffs' theory of its case. Plaintiffs contend that Hobby Lobby sets the market price for products sold exclusively by Hobby Lobby. Dkt. No. 50 at 13-14. Because Hobby Lobby is the only retailer of those products, Plaintiffs claim there is no market price. Thus, the reference price Hobby Lobby advertises is false and misleading, regardless of whether Hobby Lobby includes a disclaimer that its products are always on sale. Dkt. No. 50 at 12 (citing *Crowder v. Shade Store, LLC*, No. 23-CV-02331-NC, 2024 WL 4868313, at *3 (N.D. Cal. June 26, 2024)). Indeed, "[c]ourts in this circuit have distinguished between exclusive and non-exclusive products to assess whether reference prices are false or misleading." *Crowder v. Shade Store*, 2024 WL 4868313, at *3. "[R]eference prices in exclusive products cases are 'inherently misleading.' " *Id.* Plaintiffs allege that "Hobby Lobby [] has its own product lines that it exclusively sells in its stores and through its website" and that "no basis exists for the alleged full 'marked price.' " SAC ¶ 34, 81. Thus, Plaintiffs have adequately alleged that, for products exclusive to Hobby Lobby, Hobby Lobby deceptively advertises a reference price when none exists. *Crowder v. Shade Store, LLC*, 2024 WL 4868313, at *3-4; *see also Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2016 WL 1730001, at *4 (N.D. Cal. May 2, 2016) (finding plaintiffs adequately alleged that reference prices were deceptive where defendant was the exclusive retailer of products purchased).

Further, Plaintiffs allege that even where products are not exclusive to Hobby Lobby, Hobby Lobby advertises market prices that are inaccurate. SAC ¶¶ 189-90, 241, 249-50. Courts

generally hold that plaintiffs "need not identify the prices charged by other retailers to plausibly allege that the strikethrough prices were not the prevailing market prices." *Phillips v. Brooklyn Bedding LLC*, No. 23-CV-03781-RFL, 2024 WL 2830663, at *3 (N.D. Cal. Mar. 28, 2024).  It is plausible that Plaintiffs were deceived by Hobby Lobby's advertising if it included inflated "market" or "marked" prices because Plaintiffs believed they were receiving a bargain greater than what they actually received.  *See id.*; *see also Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) (reversing district court's dismissal because plaintiffs' allegations that defendants made "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions" were sufficient to state a claim under the FAL, CLRA, and UCL.).

Hobby Lobby argues that this theory fails because their advertising contains asterisks which put the consumer on notice by stating: "*DISCOUNTS PROVIDED EVERY DAY; MARKED PRICES REFLECT GENERAL U.S. MARKET VALUE FOR SIMILAR PRODUCTS."  Dkt. No. 51 at 9-10 (citing *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) ("the presence of an asterisk alone puts a consumer on notice that there are qualifications or caveats.")).  But the disclaimer given by Hobby Lobby does not negate Plaintiffs' allegation that the market or marked prices are deceptive because they are inaccurate.  *See, e.g.*, SAC ¶ 81, 123, 129.  Thus, this disclaimer does not doom Plaintiffs' claims.

Defendants further argue that because Plaintiffs' statutory claims fail, their derivative common law claims for fraud, negligent misrepresentation, and unjust enrichment must also be dismissed.  Dkt. No. 46 at 17 (citing *See In re Plum Baby Food Litig.*, No. 4:21- CV-00913-YGR, 2024 WL 1354447, at *9 (N.D. Cal. Mar. 28, 2024) ("[w]hen common law claims of fraud and unjust enrichment are based on the same conduct on related statutory claims, these claims rise and fall together")).  Because the Court finds that Plaintiffs have adequately alleged their statutory claims, this argument fails by extension.

United States District Court
Northern District of California

### B. Federal Rule of Civil Procedure 9(b)

Hobby Lobby argues that Plaintiffs fail to satisfy Rule 9(b) for three reasons. First, it argues Plaintiffs do not identify specific advertisements they saw. Dkt. No. 46 at 20. Second, Hobby Lobby contends that Plaintiffs claims fail because they sometimes do not allege with specificity when they purchased an item. Dkt. No. 46 at 23. Third, Hobby Lobby avers that Plaintiffs "[i]n numerous instances" fail to allege what item they purchased with the requisite specificity. Dkt. No. 46 at 22. The Court discusses each argument in turn.

Hobby Lobby argues that Plaintiffs do not specify the advertisements they saw. Dkt. No. 46 at 20-21 (citing *Kearns,* 567 F.3d at 1126 (9th Cir. 2009) (affirming dismissal based on plaintiff's failure to "specify what the [] advertisements or other material specifically stated," "when he was exposed to them or which ones he found material," and "which sales material he relied on.")). Not so. Each Plaintiff identifies various advertisements they saw, including where they were placed in store, when they saw them, and what percentage discount was advertised. *See* SAC ¶¶ 132, 137, 144-45, 147, 150, 151-56, 161-63. Plaintiffs need not allege more. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("[w]e decline to require that a complaint must allege specific [transactions] to specific customers at specific times with a specific dollar amount of improperly recognized revenue"). Plaintiffs' level of specificity allows Hobby Lobby to "prepare an adequate answer from the allegations." *Stathakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2016 WL 1730001, at *3 (N.D. Cal. May 2, 2016) (citation and quotation omitted). *Kearns* does not compel the Court to find otherwise. *See* 567 F.3d at 1126 (finding that plaintiff failed to identify the "who, what, when, where, and how" by not even identifying when he was exposed to the misleading material or which "sales material he relied upon in making his decision to buy.").

Second, Hobby Lobby contends that Plaintiffs sometimes fail to allege when they purchased an item with the requisite specificity required. Dkt. No. 46 at 23. Each Plaintiff identifies specific dates on which they made a purchase, SAC ¶¶ 132, 143, 150, 160, except for Plaintiff Romero, SAC ¶ 136. Plaintiff Romero states that she purchased items from Hobby Lobby's Concord store in February 2024. SAC ¶ 136. Neither case cited by Hobby Lobby shows

United States District Court
Northern District of California

that Romero's allegation is insufficient. *See Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019) (finding allegation that plaintiff purchased products "during the class period once per month" to be "too general to satisfy the 'when' requirement of Rule 9(b)"); *Tempest v. Safeway, Inc.*, No. 24-CV-06553-JSC, 2025 WL 3171581, at *5 (N.D. Cal. Nov. 13, 2025) (holding that allegation that plaintiffs purchased product "within the limitations period" was insufficient).

Finally, Hobby Lobby avers that Plaintiffs sometimes fail to allege the specific products they purchased but instead identify broad categories of products. Dkt. No. 46 at 22 (citing *Surzyn v. Diamond Foods, Inc.*, No. C 14-0136 SBA, 2014 WL 2212216, at *5 (N.D. Cal. May 28, 2014) (finding failure to satisfy Rule 9(b) where plaintiff alleged only that she "purchased one or more of the Products during the Class Period")). This argument fails, as each Plaintiff has identified at least one specific product they purchased from Hobby Lobby. *See* SAC ¶ 132(b), 133, 138, 145, 151, 153. Further, courts may "relax pleading requirements" in cases alleging fraud "where the relevant facts are known only to the defendant." *Rubenstein*, 687 F. App'x at 567–68. Here, Plaintiffs' descriptive categories for the items they purchased mirror Hobby Lobby's own description of the items from the receipts it issued Plaintiffs at the time of purchase. Dkt. No. 50 at 20; Dkt. No. 50-1 at 2. Thus, Plaintiffs pleaded the information that is available to them based on the receipts they have, in compliance with *Rubenstein*. 687 F. App'x at 567–68.

In sum, each Plaintiff adequately alleges the who, what, when, where, and how of the misconduct alleged. *See Stathakos*, 2016 WL 1730001, at *4 ("the TAC meets the Rule 9(b) particularity standard by alleging . . . the date plaintiffs purchased items from defendants; the number of items bought; the location of the store; the Sales Price and Reference Price for one of the items; and that such items were manufactured for exclusive sale at Columbia Outlet stores").

## C.  Section 17501

Section 17501 governs the practice of "former price" advertising and provides: "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is

clearly, exactly and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501. Hobby Lobby argues that its advertising does not violate section 17501 because its advertisements do not point to "former prices." Dkt. No. 51 at 10. But Plaintiffs allege that Hobby Lobby's advertising displays fictitious former prices. SAC ¶¶ 4, 15, 121, 131, 191. At this stage, the Court must accept Plaintiffs' factual allegations as true. *Manzarek*, 519 F.3d at 1031. Thus, the Court finds that Plaintiffs have adequately pleaded Hobby Lobby's advertising displayed former prices to invoke section 17501.

Hobby Lobby argues that asterisks on some of its advertising explicitly state that "marked prices reflect general U.S. market value for similar products" and thus Plaintiffs were on notice that Hobby Lobby was not advertising former prices. Dkt. No. 51 at 9-10 (citing *Carvalho v. HP, Inc.*, No. 21-CV-08015-BLF, 2022 WL 2290595, at *5 (N.D. Cal. June 24, 2022) (holding that defendant did not violate section 17501 where an advertisement's disclaimer stated that its strikethrough prices are a "manufacturer's suggested retail price")). To the extent Hobby Lobby's advertising contained asterisks which specified that the "marked price" on advertisements reflected the market value of the product, Plaintiffs cannot establish a violation of 17501 because Plaintiffs were on notice that Hobby Lobby was not advertising a former price. *Carvalho*, 2022 WL 2290595, at *5; *see also Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) (finding plaintiffs were not free to disregard the asterisk, which placed them "on notice that there are qualifications or caveats."). Accordingly, the Court grants Hobby Lobby's motion to dismiss Plaintiffs' section 17501 claim to the extent it is premised on the marked price being a former price, when the advertisement included the above-described asterisk. Because this theory of the claim fails as a matter of law, leave to amend would be futile, and the Court grants dismissal of this claim without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend may be denied due to "futility of amendment"). The Court otherwise denies Hobby Lobby's motion to dismiss Plaintiffs' section 17501 claim.

**D. Unjust Enrichment**

Finally, Hobby Lobby contends that Plaintiffs cannot state a claim for unjust enrichment because, in California, "there is not a standalone cause of action for 'unjust enrichment.' " *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Rather, "unjust enrichment" can serve as "the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request," the return of which "is the remedy typically sought in a quasi-contract cause of action." *Id.* at 762 (quoting, in part, 55 Cal. Jur. 3d Restitution § 2). "To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of the benefit at the expense of another." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009). However, when a plaintiff retains the benefit of the product provided and fails to plead how the product received was of lesser value than the one for which she paid, the plaintiff's unjust enrichment claim must be dismissed. *See Myers-Armstrong v. Actavis Totowa, LLC*, 382 Fed. App'x. 545, 548 (9th Cir. 2010) (affirming dismissal of unjust enrichment claim where plaintiff failed "to plead that the drugs she received were of any lesser value than those for which she paid"). Here, Plaintiffs do not plead any facts to support that the products they received were of lesser value than those for which they paid. Thus, the Court grants Hobby Lobby's motion to dismiss Plaintiffs' unjust enrichment claim. To the extent Plaintiffs can add additional facts to establish that the products they purchased were of lesser value than the products for which they paid, Plaintiffs may amend their complaint. *See Bacon v. Woodward*, 104 F.4th 744, 753, 1079 (9th Cir. 2024) ("[L]eave to amend 'shall be freely given when justice so requires,' and this policy is to be applied with extreme liberality.").

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Hobby Lobby's motion to dismiss Plaintiffs' unjust enrichment claim with leave to amend. Further, to the extent Plaintiffs' section 17501 claim relies on advertisements which include the market value disclaimer, the Court **GRANTS** Hobby Lobby's motion to dismiss Plaintiffs' section 17501 claim without leave to amend. The Court otherwise **DENIES** Hobby Lobby's motion. Plaintiffs may file an amended complaint no later than July 15, 2026. No additional parties or claims may be added without leave

of Court or stipulation of Defendant.  Should Plaintiffs choose not to file an amended complaint, they shall file a notice that they are standing on their second amended complaint.

**IT IS SO ORDERED.**

Dated: June 24, 2026

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California